# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILLARD J. LONKEY, JR.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:15-cr-00368-DN<br><br>District Judge David Nuffer |

Defendant filed a pro se Motion for Relief Under the First Step Act ("Motion") seeking a reduction of his sentence or compassionate release.[1] The government and the United States Probation Office oppose the Motion.[2] Because Defendant's circumstances do not constitute extraordinary and compelling reasons to warrant relief under the First Step Act, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

As an initial matter, the government and the Probation Office argue that Defendant's Motion is not procedurally proper because Defendant has not exhausted his administrative remedies.[4] In doing so, the government relies on case law and statutory language,[5] which

---

[1] Docket no. 27, filed Mar. 9, 2020.

[2] Objection to Motion to Reduce Sentence ("Response"), docket no. 29, filed Mar. 15, 2020; First Step Act Relief Eligibility Report ("Report"), docket no. 32, filed under seal Mar. 27, 2020.

[3] Docket no. 27, filed Mar. 9, 2020.

[4] Response at 1-2; Report at 4.

[5] Response at 1-2.

amendments from the First Step Act render ineffective. And the Probation Office ignores relevant statutory language.[6]

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[7] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*."[8] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[9]

Defendant submitted a request for relief under the First Step Act to Warden R. Marques on January 19, 2020.[10] Defendant asserts that he has not received a response from Warden Marques.[11] And Defendant signed his Motion on March 2, 2020,[12] over 30 days after submitting the request for relief to Warden Marques. Under these circumstances, Defendant's Motion is procedurally proper.[13]

---

[6] Report at 4.

[7] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[8] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[9] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[10] Exhibit A, docket no. 27-1, filed Mar. 9, 2020.

[11] Motion at 2.

[12] *Id*. at 1.

[13] 18 U.S.C. § 3582(c)(1)(A).

### Defendant's circumstances do not constitute extraordinary and compelling reasons to warrant relief under the First Step Act

Defendant argues that he is entitled to relief under the First Step Act because extraordinary and compelling reasons exist and he is a low risk, nonviolent offender.[14] In support of his argument he asserts that he is 66 years old; has served 54 months of his 168-month prison sentence; and suffers from a lower back injury and double vision in his left eye, both of which require corrective surgery.[15]

The government argues that Defendant is not entitled to relief because he has not presented evidence to support his alleged medical conditions; is not subject to a term of imprisonment that has been lowered by the United States Sentencing Commission; and does not meet the age and time-served requirements for relief.[16] However, the government's arguments are unhelpful in resolving Defendant's Motion. The government ignores the numerous medical documents Defendant submitted with his Motion.[17] And the government relies on statutory language and factors that are inapplicable to relief under the First Step Act for extraordinary and compelling reasons.[18] Nevertheless, the Probation Office sets forth the factors under the First Step Act for consideration of extraordinary and compelling reasons to argue that Defendant's circumstances do not warrant relief.[19] And the Probation Office is correct.

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission has defined the phrase "to include serious

---

[14] Motion at 3.

[15] *Id*. at 2-3.

[16] Response at 2.

[17] Exhibit C, docket no. 27-3.

[18] Response at 2.

[19] Report at 4.

medical conditions and the age of the defendant."[20] Specifically, "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[21]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[22]

Defendant's circumstances do not constitute extraordinary and compelling reasons to warrant relief. For a medical condition, Defendant has not asserted that he is suffering from a terminal illness. Defendant asserts only a lower back injury and double vision in his left eye, which require corrective surgery.[23] Defendant maintains that his conditions cause him pain and loss of balance.[24] But Defendant's conditions—considered individually or collectively—do not rise to the level of warranting relief under the First Step Act for serious physical or medical conditions; suffering from a serious functional impairment; or deteriorating physical health that

---

[20] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[21] U.S.S.G. 1B1.13.

[22] *Id*.

[23] Motion at 2.

[24] *Id*.

substantially diminish Defendant's ability to provide self-care within a correctional facility. Indeed, Defendant concedes that these conditions are being treated at his correctional facility.[25] And it is because the Bureau of Prisons has not undertaken the corrective surgeries that he seeks relief under the First Step Act.[26] These type of allegations are more appropriately the subject of an action challenging Defendant's conditions of confinement, rather than a motion for reduction of sentence or compassionate release for extraordinary and compelling reasons under the First Step Act.

Defendant also does not meet the age-based factors for extraordinary and compelling reasons to warrant relief. Defendant is over 65 years old.[27] However, as discussed, his medical conditions do not rise to the level of serious deterioration in physical health because of the aging process. Defendant also has not served at least 10 years or 75 percent of his prison term. He has served 54 months, approximately one third of his 168-month prison sentence.

Therefore, Defendant's circumstances do not constitute extraordinary and compelling reasons to warrant relief under the First Step Act.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[28] is DENIED.

Signed April 3, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[25] *Id*.

[26] *Id*.

[27] *Id*. at 3.

[28] Docket no. 27, filed Mar. 9, 2020.