Millard J. Lonkey
FCI - 1900 Simler Rd
Big Spring, TX 79720

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

APR 27 2020

D. MARK JONES, CLERK
BY _____ DEPUTY CLERK

In the United States District Court
District of Utah, Central Division

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>vs.<br><br>Millard J. Lonkey<br>Defendant | Case # 2:15cr368<br><br>Motion for Reconsideration under Rule 59e.<br><br>Judge David Nuffer |

The Defendant, appearing Pro-Per, filed a Motion for Reduction of Sentence on 9 March 2020. The motion was objected to by the Plaintiff on March 15, 2020. The Defendant sent a Rebuttal to Plaintiff's objection on April 3, 2020 by Certified Mail #7016-1370-0000-9057-7072. A decision was rendered by His Honor Judge Nuffer on April 3, 2020 denying Defendants Motion. This Honorable Court had no time to consider Defendants rebuttal, thus denying Defendant the opportunity to properly present his case.

To date, there exists a "extraordinary and compelling" factor that warrants reconsideration and/or release known as the Corona Virus (COVID-19) Pandemic. The Defendant has COPD, vision problems, lower back issues requiring major surgery, and hypertension, that makes him extremely vulnerable to the current deadly virus. As the Defendant is unable to comply with government recommended social distancing rules due to dormitory living, makes the Defendants situation "extraordinary and compelling."

Before the First Step Act (Public Law 115-391), Pre-release under Section 3624(c)(2) allows for a maximum RRC of 12 months. However under the Act, it clearly states in Section 3624 as amended, it is now under the discretion of the sentencing court that when the prisoner has been determined to be a minimum or low risk to recidivate shall remain in home confinement until the prisoner has served not less than 85% of the prisoners imposed term of imprisonment. Section 102 (H)(1).

In Mistretta v. United States, 488 US 361, 394, Judge Marmolejo held that the criteria contained in the sentencing guidelines was inconsistant with the changes made in the Act. Because of the conflict she concluded:

"Thus the correct interpretation of Section 3582(c)(2)(A) based on the text, statutory history and structure, and consideration of Congress's ability to override any of the commissions policy statements at any time, Mistretta v. United States is that when a defendant brings a motion for sentence reduction under the amended provisions, the court can determine whether any "extraordinary and compelling" reasons other than those delineated in USSOG Section 1, B1, 13 Cont. N.(A)(c) warrant granting relief."

Judge Marmolejo reduced the sentence to time served.

On 4-14-20, Defendant again sent a request for release to Warden R. Marques, due to the recent COVID-19 pandemic, an "extraordinary and compelling" circumstance. Under the recently passed CARE Act, H.R. 7481, Defendant cannot comply with government mandated social distancing guidelines due to dormitory living. Exhibit "D".

Defendant's medical issues, primarily COPD and emphysema also makes this COVID-19 pandemic

PARTICULARLY DANGEROUS to DEFENDANT. Scores of Prisoners have ALREADY Been SICKENED AND DIED of This DESEASE. Defendants Lower Back issue is not merely A "Sore Back". The Defendant Must have MAJOR Surgery including FUSION. (See Exhibit C in The ORIGINAL Motion). The Defendants VISION problem requires DELICATE eye surgery To correct his vision, which at present, CANNOT Be Corrected By BOP glasses.

Defendant prays That This HONORABLE COURT Grants relief in This MOST SERIOUS MATTER.

MILLARD J. LONKEY

DATED 4-20-20