IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MILLARD J. LONKEY, JR.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 2:15-cr-00368-DN<br><br>District Judge David Nuffer |

Defendant filed a pro se motion seeking a reduction of his sentence or compassionate release ("Motion").[1] This is Defendant's second motion seeking compassionate release. His Prior Motion[2] (which was based on his medical conditions) was denied because his circumstances did not constitute extraordinary and compelling reasons to warrant compassionate release.[3] Defendant also sought reconsideration of his Prior Motion's denial arguing that his medical conditions must be considered in light of the risks caused by the COVID-19 pandemic.[4] Defendant's Motion for Reconsideration was denied because even in light of the COVID-19 pandemic, his circumstances did not rise to the level of warranting relief compassionate release.[5]

In his current Motion, Defendant again argues that his medical conditions, the conditions of his confinement, and the risks caused by the COVID-19 pandemic constitute extraordinary

---

[1] Second Petition and Memorandum in Support for Compassionate Release Under the First Step Act ("Motion"), docket no. 40, filed July 9, 2021.

[2] Motion for Relief Under the First Step Act ("Prior Motion"), docket no. 27, filed Mar. 9, 2020.

[3] Memorandum Decision and Order Denying Motion for Compassionate Release, docket no. 33, filed Apr. 3, 2020.

[4] Motion for Reconsideration, docket no. 35, filed Apr. 27, 2020; Demand for Findings of Fact and Conclusion of Law in Re: Original Motion for Reduction of Sentence, docket no. 36, filed Apr. 27, 2020.

[5] Memorandum Decision and Order Denying Motion for Reconsideration, docket no. 37, filed Apr. 29, 2020.

and compelling reasons to warrant a reduced sentence or compassionate release.[6] The United States Probation Office recommends that Defendant's Motion be denied.[7] The government did not timely file a response to the Motion, nor did Defendant timely file a reply. However, based on the facts and issues presented in Defendant's Motion, neither a response nor reply is necessary for the Motion's disposition.

Because Defendant fails to demonstrate extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, his Motion[8] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[9] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[10]

Defendant does not assert or present evidence that he submitted a request for relief under the First Step Act to the warden at FCI Florence (where Defendant is currently incarcerated) regarding his Motion. However, Defendant's Motion raises substantially the same issues raised in his Prior Motion. And on January 19, 2020, before filing his Prior Motion, Defendant

---

[6] Motion at 2-16.

[7] Second Motion: First Step Act Relief Recommendation, docket no. 42-3, filed under seal Sept. 2, 2021.

[8] Docket no. 40, filed July 9, 2021.

[9] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[10] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

submitted a request for relief under the First Step Act to Warden R. Marques at FCI Big Spring (where Defendant was incarcerated at the time).[11] Defendant did not receive a response from Warden Marques.[12]

Under these circumstances, Defendant's Motion may be construed as a second attempt at obtaining relief from the request made to Warden Marques, or it may be construed as a second motion for reconsideration of the denial of his Prior Motion. In either situation, Defendant's Motion was filed more than 30 days after the request. Therefore, the Motion is procedurally proper, and its merits may be addressed.[13]

### Defendant is not entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[14]

**Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[15] However, this

---

[11] Exhibit A, docket no. 27-1, filed Mar. 9, 2020.

[12] Prior Motion at 2.

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[15] *Id.* at 832.

discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[16]

Defendant argues that his medical conditions, the conditions of his confinement, and the risks caused by the COVID-19 pandemic constitute extraordinary and compelling reasons to warrant compassionate release.[17] Defendant's argument lacks merit. Whether considered individually or collectively, Defendant's circumstances do not constitute extraordinary and compelling reasons to warrant compassionate release.

Defendant is 68 years old and he asserts that he suffers from high blood pressure (hypertension); breathing issues; severe back pain; and partial loss of vision in his left eye.[18] He also asserts that he has contracted COVID-19 and, although recovered, is still suffering pulmonary problems; shortness of breath; generalized headaches; and dizziness.[19] He further asserts that he is not receiving adequate care for his medical conditions and is at a high risk of reinfection based on the conditions of his confinement at FCI Florence.[20]

However, despite Defendant's assertion of periodic lapses obtaining prescription medications,[21] he is receiving treatment and medication for his conditions.[22] Defendant's medical conditions also do not rise to the level of imminent death and Defendant does not argue

---

[16] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Defendant's Motion. *Maumau*, 993 F.3d at 837.

[17] Motion at 2-16.

[18] *Id*. at 2.

[19] *Id*. at 3.

[20] *Id*.

[21] *Id*.

[22] Medication List, docket no. 40-1, filed July 9, 2021; Second Motion First Step Act Relief Eligibility Report ("Eligibility Report") ¶ 7 at 4, docket no. 42, filed under seal Sept. 2, 2021.

that his conditions prevent him from self-care while incarcerated.[23] Defendant's age and medical conditions do place him in the high-risk category of suffering serious complications or death if he contracts COVID-19,[24] and his vaccination status is unknown. But Defendant has already contract COVID-19 and, while still suffering from some symptoms, has recovered.[25]

Additionally, while the conditions of Defendant's confinement at FCI Florence may make it more difficult to follow CDC guidelines regarding COVID-19, there is also only a potential that Defendant may contract COVID-19 again. This potential exists whether Defendant remains in custody or is granted compassionate release. On this record, Defendant's medical conditions, the conditions of his confinement, and the risks caused by the COVID-19 pandemic do not constitute an extraordinary and compelling reason to warrant a reduced sentence or compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting compassionate release**

Even if Defendant had demonstrated extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him relief. Defendant was convicted of one count of Travel with Intent to Engage in Illicit Sexual Conduct.[26] The offense conduct involved use of the internet to arrange for illicit sexual conduct with a child.[27] Defendant also had a prior conviction for Disseminating Indecent Material to a Minor, which involved use of the internet in an attempt to solicit sexual

---

[23] Motion at 13.

[24] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 30, 2021).

[25] Motion at 3.

[26] Judgment in a Criminal Case ("Judgment") at 1, docket no. 21, filed Sept. 16, 2015.

[27] Post Investigation Report ¶¶ 7-10 at 4-5, docket no. 42-2, filed under seal Sept. 2, 2021.

contact with a minor child.[28] Defendant's guideline range of imprisonment was 51 to 63 months.[29] He was sentenced to 168 months as part of a plea agreement, which dismissed charges that would have resulted in a 180-month minimum term of imprisonment.[30] He was also sentenced to a 60-month term of supervised release.[31]

Defendant has served approximately 72 months of his 168-month term of imprisonment. He has a projected release date of May 23, 2027.[32] While in custody Defendant has had no disciplinary actions and has completed the non-residential drug program and a variety of educational classes in subjects including business, computers, EPA certification, heating and air conditioning, soldering, investing, and electronics.[33]

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Defendant's offense, the appropriateness of the original 168-month sentence, and the need to protect the public from further crimes (particularly given Defendant's use of the internet to perpetrate his crimes against minors) weigh heavily against granting a reduced sentence or compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Defendant relief.

---

[28] *Id.* ¶ 27 at 6.

[29] Eligibility Report at 3.

[30] *Id.*; Judgment at 2.

[31] Judgment at 3.

[32] Eligibility Report at 3.

[33] *Id.* at 5.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[34] is DENIED.

Signed October 4, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[34] Docket no. 40, filed July 9, 2021.